# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Eric Koskella, | No. CV-22-01504-PHX-JJT (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Maricopa County Superior Court, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation (Doc. 10, "R&R") submitted by United States Magistrate Judge John Z. Boyle recommending that the Court dismiss with prejudice the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) as untimely. Petitioner Koskella filed Objections (Doc. 14), which the Court deems timely, and Respondents filed a Reply (Doc. 15) thereto. The Court will overrule the Objections, adopt in whole Judge Boyle's R&R, and dismiss as untimely the Petition.

As Judge Boyle correctly found, Petitioner's state conviction, upon affirmance by the state court of appeals, underwent PCR review, after which the state trial court denied relief on October 29, 2019. Petitioner did not seek appellate review of the trial court's PCR denial within the following 30 days, and so on November 29, 2019, his conviction became final for purposes of triggering AEDPA's one-year limitations period the following day. That period expired November 30, 2020. Petitioner's second PCR petition, which he filed on March 10, 2021, was dismissed as untimely and without merit three months later and did not statutorily toll the running of AEDPA's limitation period. Petitioner missed the statutory deadline by approximately 21 months, not filing his Petition until August 30, 2022.

Petitioner does not qualify to make an untimely filing upon a showing of actual innocence pursuant to Section 2244(d)(1), as interpreted by *Schlup v. Delo*, 513 U.S. 298, 324 (1995) and *Jones v. Taylor*, 763 F.3d 1242, 1247 (9th Cir. 2014), as he does not argue actual innocence to this Court; nor does he present any evidence that was not before the jury at his trial, as would also be required under *Schlup* and *Jones*. The thrust of his Objection is that he is entitled to equitable tolling of AEDPA's limitations period due increased limitations on his access to legal authority and resources during the Arizona Department of Correction, Rehabilitation and Re-Entry's implementation of COVID-19 protocols, and his own multiple health events, which include two strokes and two heart attacks. But as Judge Boyle found in his R&R, and Respondents somewhat magnified in their Reply, Petitioner was able to file in the state court a second PCR petition during this same period—in March 2021—unaffected by any of these events he claims precluded him from complying with AEDPA's limitations period. Petitioner thus has not shown that any extraordinary circumstance caused him to miss the AEDPA deadline as required by, *e.g.*, *Roberts v. Marshall*, 627 F.3d 768, 772 (9th Cir. 2010). Petitioner does not qualify for equitable tolling of AEDPA's limitation period. Therefore,

**IT IS ORDERED** overruling Petitioner's Objections to the R&R (Doc. 14) and adopting the R&R (Doc. 10) in whole.

**IT IS FURTHER ORDERED** dismissing as untimely the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

**IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to proceed *in forma pauperis* in this matter upon a finding that the dismissal of this Petition is justified by a plain procedural bar which reasonable jurists would not find debatable.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter Judgment accordingly and terminate this matter.

Dated this 28th day of August, 2023.

Honorable John J. Tuchi
United States District Judge